UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00139-GNS

TAREK ALKHATIB                                                    PETITIONER

v.

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
SAMUEL OLSEN, Interim Field Office Director,
Chicago Field Office,
Immigration and Customs Enforcement; and
MIKE LEWIS, Jailer, Hopkins County Jail                          RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1) and Respondents' Motion to Dismiss and Response to the Show Cause Order (DN 13). Following the issuance of the Court's Show Cause Order (DN 4), the parties agreed that the matter could be resolved based on their written submissions. (Order, DN 11). In addition, the Court ordered additional briefing (DN 17) regarding Petitioner's removal proceeding, to which the parties filed supplemental briefs. (DN 18, 19).

Petitioner Tarek Alkhatib ("Alkhatib") is a citizen of Syria and entered the United States in 2022. (Pet. ¶ 2, DN 1). At entry, Alkhatib surrendered and sought asylum due to his Druze religion and the risk of beginning targeted by ISIS and other terrorist groups. (Pet. ¶¶ 2-3).

While Alkhatib was initially placed in expedited removal proceeding pursuant to 8 U.S.C. § 1225(b)(1), he passed a credible fear interview. (Pet. ¶ 3). He was then placed in a removal proceeding pursuant to 8 U.S.C. § 1229a and was granted bond in 2022 by an immigration judge. (Pet. ¶ 4; Pet. Ex. 1, at 1, DN 1-1). Alkhatib filed a defense asylum

1

application, and he contends that he complied with all bond requirements, including appearing for check-ins with U.S. Immigration and Customs Enforcement ("ICE") and immigration court hearings. (Pet. ¶ 4).

On May 13, 2025, Alkhatib was detained by ICE allegedly based on information in his case. (Pet. Ex. 3, at 1, DN 1-3). On June 3, 2025, the immigration judge denied his request for a custody redetermination because it lacked jurisdiction because Alkhatib "was the subject of expedited removal proceedings[]" from when he entered in the United States. (Pet. ¶ 5; Pet. Ex. 4, at 1, DN 1-4). At the hearing held on October 22, 2025, there was an individual hearing on Alkhatib's asylum claim, and the hearing was continued until January 7, 2026. (Pet. ¶ 6). He is currently housed at the Hopkins County Jail ("HCJ") in Madisonville, Kentucky. (Pet. ¶¶ 10, 18).

Alkhatib asserts that he has been unlawfully detained since May 13, 2025, when ICE took him into custody. (Pet. ¶ 8). He alleges that his continued unlawful detention violates his due process rights and is a result of an incorrect interpretation of immigration law. (Pet. ¶ 8). He denies having a criminal record. (Pet. ¶ 9).

Alkhatib filed the Petition for Writ of Habeas Corpus against Respondents: Kristi Noem, Secretary of the U.S. Department of Homeland Security; Samuel Olson, Interim Field Office Director of the Chicago Field Office of the Immigration and Customs Enforcement; and Mike Lewis ("Lewis"), Jailer[1] of Hopkins County Jail (collectively, "Respondents"). (Pet. ¶¶ 19-21). Gonzalez alleges Respondents violated his Fifth Amendment right of due process of law and the

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has "custody, rule and charge of the jail" or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sept. 4, 2018) (citing Ky. Const. § 99; KRS 71.020). Therefore, as the Hopkins County Jailer, Lewis is responsible for the HCJ and has custody of Alkhatib while he is incarcerated at that facility.

Immigration and Nationality Act ("INA").  (Pet. ¶¶ 62-74).  He requests a temporary restraining order directly his release or an order directing that a bond hearing being held before an immigration judge.  (Pet. ¶ 11).  He also requests that the Petition be granted.  (Pet. ¶ 12).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Alkhatib bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Respondents contend that this Court lacks jurisdiction to hear the Petition due to 8 U.S.C. § 1252(b)(9).  (Resp'ts' Mot. Dismiss & Resp. Show Cause Order 8-11, DN 13).  This Court has repeatedly held Section 1252(b)(9) does not bar courts from determining whether a bond hearing is required in a removal proceeding.  *See Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *1-2 (W.D. Ky. Dec. 9, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *2-3 (W.D. Ky. Dec. 5, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *2-3 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *2 (W.D. Ky. Nov. 27, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2 (W.D. Ky. Nov. 26, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *3-4 (W.D. Ky. Nov. 26, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *2 (W.D. Ky. Nov. 19, 2025); *K.E.O. v. Woosley*, No. 4:25-CV-00074-RGJ, 2025 WL 2553394, at *2-3 (W.D. Ky. Sept. 4, 2025).

In the 2025 bond determination, the immigration judge determined that Alkhatib was not eligible for bond because he "was the subject of expedited removal proceedings[.]" (Pet. Ex. 4, at 1-2). The parties agree, however, that he is currently in a removal proceeding under 8 U.S.C. § 1229a. (Resp'ts' Suppl. Br. 1, DN 18; Pet'r's Suppl. Br. 1-2, DN 19). Nevertheless, Respondents contend that Alkhatib is being properly held under Section 1225(b)(2). (Resp'ts' Mot. Dismiss & Resp. Show Cause Order 11-19).

This Court has previously rejected Respondents' arguments that Alkhatib is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Alkhatib already present within the United States. *See Resendiz*, 2025 WL 3527284, at *3-6; *Aranda*, 2025 WL 3499061, at *3-6; *Mateo*, 2025 WL 3499062, at *4-7; *Edahi*, No. 2025 WL 3466682, at *5-13; *Singh*, 2025 WL 3298080, at *4-5; *Navarrete*, No. 2025 WL 3298081, at *2-3; *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar*, 2025 WL 3231630, at *3-6; *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *4-8; *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sept. 19, 2025). After Alkhatib was paroled into the United States in 2022, he has lived in this country until his detention earlier in 2025. Therefore, because Section 1226(a) applies to Alkhatib, he is entitled to a determination

4

by an immigration judge as to whether he may be released on bond pending the resolution of his removal proceeding.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, No. 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, No. 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7. The unlawful detention of Alkhatib implicates his liberty interest to which due process applies, and precluding Alkhatib from challenging his detention creates a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025

WL 3083920, at *9 (alteration in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sept. 19, 2025); *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Alkhatib must be released and is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

### III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. The United States is directed to release Petitioner Tarek Alkhatib from custody **IMMEDIATELY** and to certify compliance with the Court's Order by filing on the docket no later than **5:00 PM ET on December 16, 2025**. During the pending removal proceeding, a neutral immigration judge will determine whether Alkhatib will be detained pending the resolution of that proceeding.

2.      Respondents' Motion to Dismiss (DN 13) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 16, 2025

cc:     counsel of record

6